## CAMERON COUNTY WATER IMPROVE-MENT DIST. NO. 1 v. HANDLEY et al.*
### (No. 7385.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1925. Rehearing Denied June 23, 1925.)

**1. Payment ⬤⟳87(3) — Payment induced by threat to sue and fix lien on land not payment under "duress."**

Payment by landowners of irrigation district assessment, induced by threat of suit for charges and to fix lien on land, is not payment under "duress," since duress requires some threat to do illegal act affecting life, person, or property, and threat of civil suit or to take proceedings in court is insufficient.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duress.]

On Motion for Rehearing.

**2. Waters and water courses ⬤⟳231 — Landowners have no right to complain of insufficiency of water, where they have not made statutory application for it.**

In suit against irrigation district to recover assessments paid, landowners failing to apply for water in manner provided by Vernon's Ann. Civ. St. Supp. 1918, art. 5107—95, cannot complain of insufficiency of water to supply every demand, since it was not for them to conclude that application would have been vain and useless.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by F. H. Handley and another against Cameron County Water Improvement District No. 1. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Wm. S. West and H. L. Faulk, both of Brownsville, for appellant.

Spears & Montgomery, of San Benito, for appellees.

FLY, C. J. This is a suit instituted by F. H. Handley and Charles B. Handley, appellees, against appellant to recover the sum of $2,193.04, alleged to have been paid to appellant under duress and protest for assessments for water. The duress alleged was a threat to sue appellees for the charges for water and fix a lien on their land. The court rendered judgment in favor of appellees for $2,200.

The parties agreed that the following facts were established:

"(1) At the time stated in the pleadings filed in this suit, defendant was a water improvement district duly formed and organized and validated under the laws of the state of Texas, more than two years before January 1, 1917.

"(2) Plaintiffs' land, described in their original petition at the times stated in said pleadings, was situated within the boundaries of said district, and said district is in one of the parts of the state of Texas, in which, by reason of the insufficiency and irregularity of the rainfall, irrigation is beneficial for agricultural purposes. Plaintiffs' said land during the times mentioned in said pleading was and is now agricultural land.

"(3) For the year 1918 the directors of defendant district assessed against plaintiffs and their said lands water charges for maintenance and operation of said district's irrigation system, $336, and for the year 1919 said directors assessed against plaintiffs and their said land for maintenance and operation of said district the sum of $560, and for said year 1919, said directors levied and assessed the further charge of $520 for water for the irrigation of 60 acres of broom corn, 10 acres of corn, and 80 acres of cotton, and for the year 1920 said directors assessed against plaintiffs and their lands the sum of $600, for the maintenance and operation of said irrigation system. The aggregate amount of said charges is $2,016.

"(4) Said irrigation system charged plaintiffs $47.04 interest, October 9, 1920, and on December 4, 1920, the further sum of $130 interest; said interest charges amounting in the aggregate to $177.04.

"(5) On account of said charges, plaintiffs paid to said district the following amounts:

| | |
|---|---:|
| November 11, 1918 | $ 336 00 |
| October 9, 1920 | 627 04 |
| December 4, 1920 | 1,230 00 |
| | $2,193 04 |

"(6) 28.31 acres of said land is in roads, canal rights of way, and in part composed of land too high to be properly irrigated from defendant's canals and laterals as constructed, and are not subject to the charges assessed against plaintiffs' lands aforesaid; that is to say, a proportionate part of said charges and interest was improperly made and collected by defendant district from plaintiffs."

[1] Appellant agreed that the amount paid on the 28.31 acres of land should and would be refunded to appellees. There was no evidence of duress. Greenleaf gives as a definition of duress the following:

"By duress, in its more extended sense, is meant that degree of severity, either threatened and impending or actually inflicted, which is sufficient to overcome the mind and will of persons of ordinary firmness."

The definition given by the Supreme Court in Landa v. Obert, 78 Tex. 33, 14 S. W. 297, is:

"An actual * * * violence or illegal restraint of a man's person to compel him to enter into a contract or to do some act which in the absence of such violence or restraint might be valid or legally effective."

On a former appeal of that cause celebre (Landa v. Obert, 45 Tex. 539) the evidence was reviewed, and it was held:

"Viewing the evidence relied upon to prove duress in the most favorable light possible for appellee, it can amount to no more than threats of a criminal prosecution for embezzlement, and of a civil action for the money which appellant

claimed had been wrongfully and fraudulently withheld from him by appellee."

Had appellees proved every allegation made as to duress, it would not have met the requirement of the rule quoted. There was no threat alleged of anything except a threat to sue for a debt which appellant claimed was due it under the statutes of the state. Some threat to do some illegal act affecting the life, person, or property of a person must be shown in order to constitute such duress as will avoid a contract. That at least was the old rule.

It is the well-established modern rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts for establishing his legal rights. 9 R. C. L. p. 722, and cases cited in footnotes. Appellees failed to show that appellant even threatened to sue for what it believed was due it by appellees. No case of duress was either alleged or proved.

The evidence showed that appellees paid up the water charges when they found that prospective purchasers would not purchase without the back rents were paid, and that was the sole inducement that caused the payment of the rents. No threats of a suit of any kind were made by appellant.

It is provided by article 5107—95, Vernon's Ann. Civ. St. Supp. 1918, that:

"Every person desiring to receive water during the course of the year, or at any time during the year, shall furnish to the secretary of the board of directors a statement in writing of the acreage intended by him to be put under irrigation, and for which water is to be used, and as near as may be, a statement of the several crops to be planted, with the acreage of each, and shall at the same time pay such proportion of the water charge or assessment therefor as may be prescribed by the board of directors."

A certain percentage of the assessment was made payable by each person holding irrigable land, whether the land is irrigated or not. No statutory application for water was made by appellees to appellant, although it was shown that water could have been furnished at least from 1918.

It is clear from the prayer that appellees sought a recovery on the ground of duress and fraud alone, for the prayer is based on the premise that "defendant wrongfully and fraudulently and by duress and force obtained from plaintiffs the aforesaid sum of $2,193.04, to plaintiffs' damage in said amount." There was no evidence of duress or force or fraud, and the judgment has no basis in the evidence. Appellant, however, admits that it is indebted to appellees as to amounts collected on 28.31 acres, some of which are utilized for roads and canals, and another part is too high to be irrigated, and we would reverse and render for this sum if it had been sufficiently indicated by the statement of facts.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Almost every line in the opinion is assigned as error, the first being that the court erred in stating that the suit was for money paid under duress and protest, and the court founded that conclusion as appellees stated in their petition that they paid $2,193.04 to appellant "under protest and by reason of duress, wrongfully and unlawfully worked by defendant." In their prayer it is said:

"Premises considered defendant wrongfully and fraudulently and by duress and force obtained from plaintiff the aforesaid sum of $2,193.04."

The court merely followed the language of the pleader.

[2] Along the same line of captious objection are the other grounds of the motion. The testimony showed that appellees did not make applications for water in the statutory manner, and they had no right to complain of insufficiency of water to supply every demand until after they had applied for water in a legal manner. There is ample testimony to show that water would have been furnished if appellees had complied with the law after 1918. Appellees should have complied with the statute as to demand for water, and it was not for them to conclude that it "would have been vain and useless" to apply for water.

There is no merit in the motion, and it is overruled.